EXHIBIT "5"

<u>**AGREEMENT TO ASSIGN JUDGMENT**</u>



**AGREEMENT**, made this ___9th___ day of March, 2010 between Sequa

Financial Corporation, having a place of business at _300 Blaisdell_

_Road, Orangeburg, NY 10962_____, as Assignor, and George Edrich,

having an address at 4720 N. 36th Street, Hollywood, FL 33021, as

Assignee.

**WHEREAS**, Assignor is the owner and holder of a certain

judgment entered in the Office of the County Clerk, New York County

on November 15, 1994 in the amount of $302,042.48 in the matter of

Sequa Financial Corporation, Plaintiff against Delek Petro Fuel Oil

Co., Inc., K Enterprises Corp., B.Q.E. Fuel Transport, Inc.,

Petrolite, Inc., Citifuel, Inc., Regional Petroleum and Trucking

Corp., Judy J. Winograd and Samuel Festinger, Defendants (New York

County Index No. 27290/91) (the "Judgment"); and

**WHEREAS**, Assignor represents and warrants that the Judgment

has not been previously assigned; and

**WHEREAS**, Assignor represents and warrants that the Judgment is

wholly unsatisfied; and

**WHEREAS**, Assignor wishes to assign and Assignee wishes to take

assignment of the Judgment:

**NOW**, in consideration of the mutual covenants and promises

herein below set forth, **IT IS AGREED**:

1. <u>Assignment of Judgment</u>.   (a)  In consideration of

Assignee's payment of the Purchase Price for Assignor as herein

below set forth, Assignor shall execute and deliver to Assignee an Assignment of Judgment in recordable form and as substantially set forth at Exhibit "1" annexed.  The Assignment of Judgment shall be executed and acknowledged by an authorized officer of Assignor.

(b)   Assignor shall deliver a true copy of the Judgment as entered by the New York County Clerk.

2.   Purchase Price.   In consideration for Assignor's execution and delivery of the Assignment of Judgment, Assignee shall pay to Assignor the sum of $30,000 (the "Purchase Price"). The Purchase Price shall be paid by bank or wire transfer to the order of Alan Katz, as attorney for Sequa Financial Corporation (hereafter "Escrowee").   The Purchase Price shall be held by Escrowee in his attorney trust account and shall be released to Assignor only upon Assignor's delivery of (i) a counterpart of this Agreement duly executed by an authorized officer of Assignor and (ii) the Assignment of Judgment duly executed and acknowledged by an authorized officer of Assignor in recordable form.

3.   Limitation of Liability.  Assignee's recourse against Assignor for breach of any warranty contained herein shall be limited to the Purchase Price.

4.   Miscellaneous.

a.   The Supreme Court of the State of New York, County of New York shall have jurisdiction of any controversy or dispute arising under this Agreement.

2

b.    No alteration, modification, change, termination or extension of this Agreement shall be binding and enforceable unless in writing and subscribed by the parties.

c.    This Agreement shall be binding upon and inure to the benefit of the parties, their heirs, successors and assigns.

d.    This agreement may be executed in one or more counterparts, each of which shall be deemed an original

**IN WITNESS WHEREOF**, the parties have hereunto set their hands and seal on the date first written above.

_____      _____
Sequa Financial Corporation          George Edrich
By: _____

b.    No alteration, modification, change, termination or extension of this Agreement shall be binding and enforceable unless in writing and subscribed by the parties.

c.    This Agreement shall be binding upon and inure to the benefit of the parties, their heirs, successors and assigns.

d.    This agreement may be executed in one or more counterparts, each of which shall be deemed an original

**IN WITNESS WHEREOF**, the parties have hereunto set their hands and seal on the date first written above.

_____          _____
Sequa Financial Corporation                George Edrich
By: _____