**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
GEORGE EDRICH                                               :        Case No. 1:12-cv-4069(MKB)(RER)
                                                            :
                  Plaintiff,                                :
                                                            :
     -against-                                              :
                                                            :
SAMUEL FESTINGER,                                           :
                                                            :
                  Defendant.                                :
---------------------------------------------------------------x

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

GOLDBERG & RIMBERG PLLC
115 Broadway, 3rd Floor
New York, NY 10006
Tel: 212.697.3250
Fax: 646.553.1591
E-Mail: ets@grlawpllc.com

*Attorneys for Defendant.*

Page

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .......................................................................................................... 2

      A.    Background ............................................................................................... 2

      B.    The Present Motion .................................................................................. 3

STANDARD OF REVIEW ......................................................................................................... 4

ARGUMENT ................................................................................................................................ 5

    I.    THE COURT SHOULD GRANT DEFENDANT'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS AND DENY PLAINTIFF'S SUMMARY JUDGMENT MOTION BECAUSE THE RELIEF PLAINTIFF SEEKS IS UNAVAILABLE .................................................... 5

    II.    PLAINTIFF LACKS STANDING TO BRING THIS ACTION BECAUSE THE ASSIGNMENT OF THE JUDGMENT WAS CHAMPERTOUS ................................................................................................ 6

      A.    The Assignment of the Judgment Was Champertous Because the Primary Purpose of Edrich's Purchase Was to Commence Litigation ................................................................................................. 6

      B.    The Champerty Law Applies to the Assignment of Judgments ................ 7

    III.    THE ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF DID NOT ACKNOWLEDGE THE JUDGMENT AS REQUIRED BY THE CPLR  9

    IV.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN NECESSARY PARTIES ............................................................... 10

    V.    OTHER FACTUAL ISSUES PRECLUDE SUMMARY JUDGMENT .............. 11

CONCLUSION ........................................................................................................................... 12

Defendant Samuel Festinger ("<u>Defendant</u>" or "<u>Festinger</u>") submits this memorandum of law in opposition to the motion for summary judgment filed by Plaintiff George Edrich ("<u>Plaintiff</u>" or "<u>Edrich</u>"), and in support of Defendant's cross-motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

### PRELIMINARY STATEMENT

This action was commenced by Plaintiff in his ongoing attempt to harass his former brother-in-law Festinger. Plaintiff's animosity towards his former brother-in-law caused him to purchase the judgment that is the subject of this action (the "<u>Judgment</u>") so that he could sue Festinger.

As set forth below, Defendant's cross-motion for judgment on the pleadings should be granted and Plaintiff's motion for summary judgment should be denied for several reasons. First, New York law does not provide for an action to "renew" a judgment in the way that Plaintiff seeks here. CPLR § 211(b), upon which Plaintiff relies, states that a claim based on a money judgment is presumed to be paid after 20 years unless the judgment debtor acknowledges an indebtedness in writing and signs the writing or makes a partial payment within the 20-year period. That statute does not provide that the judgment is renewed. Rather, it provides that if the indebtedness has been acknowledged in writing and signed by the judgment debtor, the 20-year period does not serve as a defense to a proceeding to enforce the Judgment. Because Plaintiff has not cited any authority and no such statutory exists to allows for the "renewal" of a judgment in this manner, the action should be dismissed.

Second, Plaintiff has not submitted evidence to support his argument that the 20-year presumption of payment does not apply here. Plaintiff relies upon a 1998 transcript and 2012 affirmation. However, the 1998 transcript does not clearly reference the Judgment and was not signed by Festinger or transmitted to Plaintiff. The 2012 affirmation refers to the fact that Plaintiff

purchased the Judgment, but does not acknowledge it as a debt of Festinger. Consequenttly, neither of these items is sufficient to qualify under the exception to the 20-year presumption of payment set forth in CPLR § 211(b).

Plaintiff's application also fails because the assignment of the Judgment to Plaintiff violated New York's champerty statute. Plaintiff purchased the Judgment "with the intent and for the purpose of bringing an action or proceeding thereon" in violation of New York's champerty law set forth in N.Y. Judiciary Law § 489(1). Plaintiff's assertion (Def. Br. at 4) that the champerty law does "not apply to judgment assignments" is erroneous. Both the statute, which expressly references "judgments" and the case law make clear that purchasing a judgment "with the intent and for the purpose of bringing an action," as Plaintiff did here, is champertous and invalid.

Furthermore, Plaintiff's action fails because Plaintiff has failed to bring this action against all the Judgment debtors who were jointly and severally liable under the Judgment. Even if this Court could renew the Judgment, such a renewal would prejudice the other Judgment debtors who are not named in this lawsuit. Indeed, there has been no discovery regarding whether any of the other Judgment debtors satisfied the Judgment.

Finally, if the Court does not dismiss this action, Plaintiff's summary judgment was filed before any discovery has been conducted. Defendant is entitled to take discovery regarding the purported assignment, *i.e.*, whether it was properly authorized.

## STATEMENT OF FACTS

**A.     Background**

Edrich is Festinger's former brother-in-law. Edrich was married to Festinger's sister when she died in 1999. (Festinger Aff. ¶ 2, attached as Exhibit 7 to Affirmation of Jules A. Epstein). In 1994, Festinger purchased 607 Avenue K, Brooklyn, New York (the "Property") and put title in his sister's name as her credit was better than Festinger's. (*Id.* ¶ 3). After Festinger's sister passed

2

away, Plaintiff decided that he would claim ownership and take the Property from Festinger, and based on a technicality the Court ruled in his favor. (*Id.* ¶ 4).

Edrich did not pay the mortgage on the Property and a foreclosure action was started. (*Id.* ¶ 5). During the foreclosure, the mortgage on the Property was purchased by a company called MMAL Corp. ("MMAL"). (*Id.* ¶ 6). Edrich unsuccessfully attempted to extinguish the mortgage by claiming that Festinger controlled MMAL. (*Id.* ¶ 8).

Undeterred, Edrich decided to bring a new action to challenge the mortgage a second time. (*Id.* ¶ 9). Edrich claimed to have purchased the 1994 Judgment against Festinger from Sequa Financial Corporation ("Sequa") in March 2010. (*Id.* ¶ 10) The Judgment creditors included Festinger and five others. (*See* Epstein Aff. Ex. 3). Edrich purchased the Judgment to commence a lawsuit to sue Festinger and MMAL to challenge the mortgage on the Property. (Epstein Aff. Ex. 7 ¶¶ 14-18). In June 2010, a few months after allegedly purchasing the Judgment, Edrich commenced an action against MMAL and Festinger in New York state court premised on the Judgment. (*See id.* Ex. 7). Plaintiff's primary purpose when purchasing the Judgment was to sue and seek a declaration that Festinger and MMAL are alter egos which Edrich claims would nullify the mortgage. (*Id.* ¶ 15).

**B.    The Present Motion**

Plaintiff moves summary judgment on his single claim to "renew" the Judgment for 20 years from either 1998, based on a transcript in which Festinger gave certain testimony, or 2012, based on an affirmation provided by Festinger in a state court between the parties. The Complaint does not cite any statutory basis for the relief that Plaintiff is seeking. There has been no discovery to date because the action was previously stayed. For the reasons set forth below, the motion should be denied and the action dismissed.

3

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay the trial – a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is subject to the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). "To survive a Rule 12(c) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. at 922 (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-7 (2007)) (internal citations omitted). Accordingly, a motion for judgment on the pleadings is appropriate to "save time and expense" in cases in which the ultimate facts are not in dispute. *Davis v. St. Joseph Count Dep't of Human Servs.*, 2009 WL 782313 at *4 (W.D. Mich. Mar. 19, 2009).

Summary judgment is appropriate in a case where the evidence, viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" if it will affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there is a genuine issue of material fact, the Court must resolve

4

all ambiguities and draw all permissible inferences in favor of the non-moving party. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

Under Fed. R. Civ. P. 56(d), if a nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition, the court may, among other things, deny the motion or order discovery.

## ARGUMENT

I. **THE COURT SHOULD GRANT DEFENDANT'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS AND DENY PLAINTIFF'S SUMMARY JUDGMENT MOTION BECAUSE THE RELIEF PLAINTIFF SEEKS IS UNAVAILABLE**

Defendant's cross-motion for judgment on the pleadings should be granted and Plaintiff's motion for summary judgment should be denied because New York law does not provide for an action to "renew" a judgment in the way that Plaintiff seeks here. The Complaint did not cite any statute to support Plaintiff's claim to "renew" the Judgment. In its moving papers, Plaintiff relies solely on CPLR § 211(b), which states that a claim based on a money judgment is presumed to be paid after 20 years unless the judgment debtor acknowledges the indebtedness of the judgment in a writing signed by the defendant or makes a partial payment within the 20-year period. That statute does not provide that the judgment is renewed. Rather, it provides that if the indebtedness has been acknowledged in writing and signed by the judgment debtor, the 20-year period does not serve as a defense to a proceeding to enforce the Judgment. Because Plaintiff has not cited any authority which allows for the "renewal" of the judgment in the context that Plaintiff seeks, the action should be dismissed.

## II. PLAINTIFF LACKS STANDING TO BRING THIS ACTION BECAUSE THE ASSIGNMENT OF THE JUDGMENT WAS CHAMPERTOUS

### A. The Assignment of the Judgment Was Champertous Because the Primary Purpose of Edrich's Purchase Was to Commence Litigation

Purchasing a judgment for the primary purpose of bringing litigation, as Edrich has done here, is impermissible under New York Judiciary Law § 489(1). New York law refuses to recognize such purchases. Because the assignment of the Judgment was invalid, Edrich lacks standing to bring this action.

Judiciary Law § 489(1) states in pertinent part:

> No person or co-partnership, engaged directly or indirectly in the business of collection and adjustment of claims, and no corporation or association, directly or indirectly, itself or by or through its officers, agents or employees, shall solicit, buy or take an assignment of, or be in any manner interested in buying or taking an assignment of a bond, promissory note, bill of exchange, book debt, or other thing in action, or any claim or demand, **with the intent and for the purpose of bringing an action or proceeding thereon**; provided however, that bills receivable, notes receivable, bills of exchange, **judgments** or other things in action may be solicited, bought, or assignment thereof taken, from any executor, administrator, assignee for the benefit of creditors, trustee or receiver in bankruptcy, or any other person or persons in charge of the administration, settlement or compromise of any estate, through court actions, proceedings or otherwise.

(Emphasis added). As recently articulated by New York's highest court, to violate the champerty statute, the "'*primary purpose* of the purchase must be to enable [one] to bring a suit, and the intent to bring a suit must not be merely incidental and contingent.'" *Justinian Capital SPC v. WestLB AG*, 2016 WL 6270071, at *3 (N.Y. Oct. 27, 2016) (emphasis in original) (citation omitted).[1]

---

[1]  In *Justinian*, the Court of Appeals rejected the plaintiff's "contention that Judiciary Law § 489 has no application unless the underlying claim is frivolous or was brought by Justinian to secure 'costs,'" including attorney's fees. *Id.* at *8 n.3.

6

In *Justinian*, the Court of Appealed affirmed the lower courts' decision that the purchase and assignment of certain notes was champertous because "the impetus for the assignment of the Notes to [plaintiff] Justinian was [the assignor] DPAG's desire to sue [defendant] WestLB for causing the Notes' decline in value and not be named as the plaintiff in the lawsuit. *Id.* at *4.

In this instance, there is no dispute that Edrich brought the Judgment to sue MMAL and Festinger to challenge the mortgage on the Property.  A few months after Edrich purchased the Judgment and relying on the Judgment, an action was commenced by Edrich to challenge the mortgage.  Because the primary purpose for Edrich's purchase of the Judgment was to commence litigation, he does not have standing to enforce the Judgment or bring this action under New York's champerty law.  *See SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 139 (2d Cir. 2009); *Semi-Tech Litigation, LLC v. Bankers Trust Co.*, 272 F.Supp.2d 319, 331 (S.D.N.Y. 2003); *Refac Intern., Ltd. v. Lotus Dev. Corp.*, 131 F.R.D. 56, 57–58 (S.D.N.Y. 1990) (champertous assignee is not the real party in interest).

At a minimum, there is a factual issue as to Edrich's intent in purchasing the Judgment precluding summary judgment.  *See Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Mtge. Pass-Through Certificates., Series 1999-C1 v. Love Funding Corp.*, 918 N.E.2d 889, 893–95 (N.Y. 2009) (holding that purchaser's intent is a question of fact).

### B.     The Champerty Law Applies to the Assignment of Judgments

Plaintiff does not dispute that it purchased the Judgment to commence litigation.  However, he erroneously argues that New York's champerty law does not apply to the "assignment of judgments" and, therefore, he claims that Festinger's champerty defense is inapplicable in this action.

This argument fails because both the statute and case law make clear that Judiciary Law § 489 applies to the assignment of judgments.  With respect to the statute, Section 489 does exclude

7

from its ambit the assignment of claims and "judgments" *when they* are purchased out of "bankruptcy" or from an "estate."[2] The existence of a specific exception for judgments bought out of bankruptcy or from an estate would be incomprehensible if judgments generally were not within the scope of Judiciary Law § 489. It is precisely because the champerty applies to judgments that the statute provides for "judgments" an exception in the limited circumstance of purchases in bankruptcy and from an estate.

Consistent with the statutory language, the case law also provides that the champerty law applies to the assignment of judgments. *See, e.g., Concord Landscapers, Inc. v. Pincus*, 41 A.D.2d 759, 759 (1st Dep't 1973) ("It has been consistently held that section 489 prohibits the purchase of a judgment by one engaged in the business of collection and adjustment of claims if the purpose thereof is to commence an action or special proceeding thereon."); *Roslyn Savings Bank v. Jones*, 69 Misc. 2d 733, 740-41 (Sup. Ct. 1972) (institution of a surplus money proceeding based upon judgments assigned to the claimant violates § 489); *Bottenus v. Blackman*, 336 N.Y.S.2d 790, 794–95 (Sup. Ct. 1972) (because enforcing a judgment constitutes "bringing an action or proceeding" under § 489, purchasing and enforcing a judgment constitutes champerty), *rev'd on other grounds*, 351 N.Y.S.2d 421 (1974); *People v. Berlin*, 65 Misc. 2d 245, 249-50 (Sup. Ct. 1971).

---

[2] The exception reads:

> provided however that bills receivable, notes receivable, bills of exchange, **judgments**, or other things in action may be solicited, bought or assignment taken thereof, from any executor, administrator, assignee for the benefit of creditors, trustee or receiver in bankruptcy, or any other person or persons in charge of the administration, settlement or compromise of any estate, through court actions, proceedings or otherwise.

(continued...)

8

Finally, logically, there is no reason to distinguish between judgment, claims or notes or other things in action. New York public policy prohibits purchasing such items for the primary purpose of commencing litigation. That is what happened here. Thus, contrary to the argument of Plaintiff, there is no blanket exception to the champerty law for the assignment of judgments.[3]

### III. THE ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF DID NOT ACKNOWLEDGE THE JUDGMENT AS REQUIRED BY THE CPLR

Plaintiff incorrectly claims that the Judgment has not expired because Festinger signed a writing acknowledging the Judgment has not been paid in both 1998 and 2012. However, neither of the documents Plaintiff relies upon satisfy the statutory requirement under the CPLR.

C.P.L.R. § 21l(b) states, in relevant part:

> On a money judgment. A money judgment is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to enforce it. This presumption is conclusive, except as against a person who within the twenty years acknowledges an indebtedness, or makes a payment, of all or part of the amount recovered by the judgment, or

---

[3] The cases relied upon by Plaintiff simply held in the context of the facts of those cases the champerty law did not apply. For example, in *Chicago Title Ins. Co. v. Pascale*, 31 A.D.3d 635 (2d Dep't 2006), the Court did not say the champerty law does not apply to judgments. The court simply stated "Judiciary Law § 489 did not prohibit the petitioner from bringing this proceeding," without explaining its reasoning. Similarly, in *Bottenus v. Blackman*, 43 A.D.2d 846, 847 (1st Dep't 1974), the Court stated "upon the entire record, the actions of appellant were not in violation of section 489 of the Judiciary Law" but did not hold that the champerty law does not apply to judgments. Moreover, the Court held that the defendant "consented to the actions" of the Plaintiff by stipulation and, therefore, the champerty law was inapplicable. Nowhere did the Court state a blanket rule that the champerty law does not apply to judgments. Plaintiff notes that in *Elliot Associates v. Republic of Peru*, 12 F. Supp. 328, 348 (S.D.N.Y. 1993), in dicta, the Court stated that the *Bottenus* court held that a "purchase for the purpose of enforcing the judgment's collection or pursuing its lien" is not prohibited. However, that is not what happened here. Festinger bought the Judgment to commence litigation and harass Festinger. *See Wetmore v. Hegeman*, 88 N.Y. 69, 73 (1882) (champerty found where purpose of purchase and assignment was to "oppress" the defendant). Moreover, nowhere in the *Bottenus* decision, did the state court state explain its holding as set forth in the *Elliot* decision. The same primary purpose analysis applies to judgment as it does to notes or claims.

9

> his heir or personal representative, or a person whom he otherwise represents. Such an acknowledgment must be in writing and signed by the person to be charged.

The 1998 transcript upon which Plaintiff relies was not signed by Festinger. It also does not appear to be discussing the Judgment because the amount of the debt discussed in the transcript is significantly less than the amount set forth in the Judgment. The second document upon which Plaintiff relies, an affirmation that Festinger submitted in 2012, does not acknowledge the indebtedness of the Judgment. It simple references the 1994 Judgment that Plaintiff claims he acquired from Sequa.

Consequently, upon lapse of twenty years from the time of the Judgment, the Judgment expired according to C.P.L.R. § 211(b).

## IV. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN NECESSARY PARTIES

Federal Rule of Civil Procedure 19(a) provides that a person whose presence is necessary in an action will be joined if feasible. Pursuant to Rule 19(a), the threshold inquiry is whether a party is "necessary." *See Town of Huntington v. Am. Mfrs. Mut. Ins. Co.*, 267 F.R.D. 449, 452 (E.D.N.Y. 2010). A party is "necessary" if either (1) in the absence of the party to be joined, the present parties will be denied complete relief, or (2) the absent party will suffer some loss or be put at risk of suffering such a loss if not joined. *See* Fed. R. Civ. P. 19(a).

"If the nonparty is necessary but joinder is not feasible for practical or jurisdictional reasons, the court then must consider the factors set forth in Rule 19(b) to determine whether to dismiss the case." *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 681 (2d Cir. 1996). Rule 19(b) asks whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). This inquiry requires the court to consider the factors set forth in Rule 19(b). Specifically, those factors are:

10

>    (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
>    (2) the extent to which any prejudice could be lessened or avoided by:
>
>        (A) protective provisions in the judgment,
>
>        (B) shaping the relief, or
>
>        (C) other measures;
>
>    (3) whether a judgment rendered in the person's absence will be adequate; and
>
>    (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Here, Plaintiff seeks to "renew" the Judgment. However, the Judgment is against multiple parties who are not named in this action. If the Judgment is renewed, it will prejudice those missing parties. Moreover, the missing parties may have satisfied the Judgment or they may be subject to indemnification claims if the Judgment is extended and collected against. Consequently, this action should not be allowed to proceed without Plaintiff adding the missing parties.

## V.     OTHER FACTUAL ISSUES PRECLUDE SUMMARY JUDGMENT

Summary judgment should be granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of substantive law. *Anderson*, 477 U.S. at 247-51. As the movant, Plaintiff bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Under Fed. R. Civ. P. 56(d), if a nonmovant shows that it cannot present facts essential to justify its opposition, the court may deny the motion or order discovery.

In this instance, aside from the issues raised above, Plaintiff is not entitled to summary judgment because there are other factual issues regarding which Festinger is entitled to discovery.

11

For example, while Plaintiff claims that Sequa properly assigned the Judgment to him, Defendant is entitled to discovery regarding whether the person who signed the documents assigning the Judgment was in fact authorized to do so. Additionally, the Judgment is against multiple parties and Defendant is entitled to discovery to determine whether any of those parties satisfied the Judgment. (*See* Schwalb Decl. filed herewith). Because discovery is needed to resolve the claim herein, if the Court does not grant Defendant's motion for judgment on the pleadings, the motion for summary judgment should be denied to allow for Defendant to take discovery to oppose the Complaint.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant his motion for judgment on the pleading dismissing this action and deny Plaintiff's motion for summary judgment.

Dated: New York, New York
November 17, 2016

GOLDBERG & RIMBERG, PLLC

By: /s/ Efrem Schwalb
Israel Goldberg
Efrem Schwalb
115 Broadway, 3rd Floor
New York, New York 10006
(212) 697-3250

*Attorneys for Defendant*