UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

GEORGE EDRICH,

                          Plaintiff,                **MEMORANDUM & ORDER**
                                                       12-CV-4069 (MKB)

                v.

SAMUEL FESTINGER,

                          Defendant.

-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff George Edrich commenced this action against Defendant Samuel Festinger on August 15, 2012, seeking a ten-year renewal of a November 15, 1994 state court money judgment in the sum of $302,042 (the "Judgment") pursuant to New York Civil Procedure Law and Rules ("CPLR") section 5014. (Compl. ¶ 10, Docket Entry No. 1.) Plaintiff moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, (Pl. Mot. for Summ. J. ("Pl. Mot."), Docket Entry No. 16; Pl. Mem. in Supp. of Pl. Mot. ("Pl. Mem."), Docket Entry No. 16-12), and Defendant cross-moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, (Def. Mot. for J. on the Pleadings ("Def. Mot."), Docket Entry No. 17; Def. Mem. in Supp. of Def. Mot. ("Def. Mem."), Docket Entry No. 17-2). For the reasons discussed below, the Court grants Plaintiff's motion for summary judgment and denies Defendant's motion for judgment on the pleadings.

## I. Background

### a. The Judgment

On November 15, 1994, Sequa Corporation ("Sequa"), a non-party to this action, obtained the Judgment in New York State Supreme Court, New York County, in the amount of $302,042 jointly and severally against Defendant, Judy Winograd and six corporate entities: Delek Petro Fuel Oil Co., Inc., K Enterprises Corp., B.Q.E. Fuel Transport, Inc., Petrolite, Inc., Citifuel, Inc., and Regional Petroleum and Trucking Corp. (Compl. ¶ 5; Judgment, annexed to Compl. as Ex. 1.) The Judgment was filed and docketed in the Office of the County Clerk, New York County on November 15, 1994. (Compl. ¶ 5; Judgment.)

### b. Procedural history

#### i. Property dispute

Plaintiff and Defendant have been involved in a dispute for many years over a property located at 607 Avenue K in Brooklyn, New York (the "Property"). (New York Supreme Court, Kings County Decision dated Sept. 20, 2013 at 4 ("Kings County Decision"), Docket Entry No. 7.) Defendant purchased the Property, but title to the Property was held in the name of Defendant's sister, who was Plaintiff's wife. (*Id.* at 3.) Upon the death of Defendant's sister, title passed to Plaintiff. (*Id.*)

Plaintiff failed to pay the mortgage and as a result, in 2002 the mortgage-holder, Independence Community Bank, began foreclosure proceedings against the Property. (*Id.* at 4.) While the foreclosure proceedings were pending, Independence Community Bank assigned the mortgage to MMAL Corp. ("MMAL"). (*Id.*) MMAL discontinued the foreclosure proceeding and commenced a new foreclosure proceeding against the Property on March 8, 2006. (*Id.*) On

June 14, 2007, the court granted partial summary judgment to MMAL.[1]  (*Id.*)

## ii.  Kings County Action and procedural history

On March 9, 2010, Sequa assigned the Judgment to Plaintiff, which assignment was filed in the Office of the County Clerk., New York County.  (Compl. ¶ 7; Assignment of Judgment, Docket Entry No. 16-5; Agreement to Assign Judgment, Docket Entry No. 16-6.)  On June 11, 2010, Plaintiff initiated an action against Defendant and MMAL, seeking turnover of the mortgage and the note associated with the Property in satisfaction of the Judgment in New York Supreme Court, Kings County (the "Kings County Action").  (Kings County Decision at 3–4.) Plaintiff argued that Defendant was MMAL's alter ego and that Defendant therefore held title to the Property after the foreclosure and the state court could pierce the corporate veil to allow Plaintiff to satisfy the Judgment against Defendant by turning over the Property held by MMAL. (*Id.* at 5.)  Defendant argued, among other things, that Plaintiff could not enforce the Judgment against him because Plaintiff purchased the Judgment from Sequa with the sole purpose of bringing the lawsuit against Defendant, which violates New York Judiciary Law section 489's prohibition against champerty.  (*Id.* at 10–11.)

While the Kings County Action was pending, Plaintiff filed the instant action on August 15, 2012, seeking to renew the Judgment.  (*See generally* Compl.)  On October 24, 2012, Defendant filed a letter requesting a pre-motion conference in anticipation of moving to (1) stay the action pending resolution of the Kings County Action and (2) dismiss the action for failure to state a claim and for failure to join necessary parties.  (Def. Letter dated Oct. 5, 2012, Docket

---

[1]  In 2003, Defendant also commenced a state court action against Plaintiff and certain of Defendant's family members seeking, among other things, to impose a constructive trust on the Property.  (Kings County Decision at 4.)  The state court granted summary judgment to Plaintiff. (*Id.*)

Entry No. 5.)  At a conference on December 5, 2012, the Court stayed the case pending the state court's decision in the Kings County Action.  (Min. Entry dated Dec. 5, 2012.)

On October 28, 2013, Plaintiff filed with the Court the September 20, 2013 decision in the Kings County Action.  (*See generally* Kings County Decision.)  In the Kings County Decision, the state court rejected Defendant's argument that enforcement of the judgment violated champerty and held that Plaintiff "clearly acquired the *Sequa* judgment in order to enforce the rights it conferred against Defendant, a legitimate and non-champertous purpose." (*Id.* at 10.)  However, the state court granted summary judgment to Defendant because Plaintiff failed to establish that Defendant had any possessory interest in the mortgage and note associated with the Property.  (*Id.* at 11–14.)

In view of the Kings County Decision, the Court requested briefing from the parties as to whether the Court should grant the relief sought in the Complaint.  (Order dated Oct. 29, 2013.) Plaintiff filed a letter arguing that he was entitled to the relief sought in the Complaint but also indicating that he intended to appeal the Kings County Decision.  (Letter dated Dec. 2, 2013, Docket Entry No. 8.)  Defendant did not respond to the Court's October 29, 2013 Order or Plaintiff's December 2, 2013 letter.

Several months later, on July 10, 2014, the Court entered an order lifting the stay and granting Plaintiff leave to move for default judgment in view of Defendant's failure to answer the Complaint or respond to the Court's orders.  (Order dated July 10, 2013.)  By letter dated February 19, 2016, Plaintiff notified the Court that the New York State Supreme Court, Appellate Division, Second Department affirmed the Kings County Decision and requested that the Court direct Defendant to answer the Complaint or set a date for a conference.  (Pl. Letter dated Feb. 19, 2016, Docket Entry No. 13.)  The Court held a conference on June 9, 2016, during which the

Court directed Defendant to answer the Complaint and ordered the parties to agree on a briefing schedule for Plaintiff's anticipated motion for judgment on the pleadings. (Min. Entry dated June 9, 2016.) Defendant answered the Complaint on July 12, 2016, and the parties moved for summary judgment and judgment on the pleadings several months later. (Answer, Docket Entry No. 14; Pl. Mot.; Def. Mot.)

### iii. Oral argument

On June 16, 2017, the Court heard oral argument from the parties in support of their respective motions for summary judgment and judgment on the pleadings. (Min. Entry dated Jun. 16, 2017.) At oral argument, the Court declined to *sua sponte* dismiss Defendant's champerty defense as barred by collateral estoppel and instead addressed the merits of Defendant's champerty claim. Defendant argued, among other things, that the Court should not grant summary judgment in Plaintiff's favor because further discovery was necessary to determine whether Plaintiff was "engaged directly or indirectly in the business of collection and adjustment of claims," in order to resolve the champerty issue.[2]

After hearing arguments, the Court ordered Plaintiff to submit an affirmation indicating whether he is "engaged directly or indirectly in the business of collection and adjustment of claims," in order to resolve the champerty issue and also ordered supplemental briefing. (*Id.*; Def. Letter dated June 30, 2017 ("Def. Letter"), Docket Entry No. 24; Pl. Letter dated July 7, 2017 ("Pl. Letter"), Docket Entry No. 25.) By Affidavit dated June 17, 2017, Plaintiff stated that "[o]ther than the judgment at issue in this case, [he has] never purchased or otherwise taken assignment of a judgment or claim in New York or any other state" and is "not in the business of

---

[2] The Court also explained that CPLR section 5014 — not CPLR section 211(b) which was the statute that both parties briefed in support of their respective motions — is the applicable statute to determine whether Plaintiff was entitled to renewal of the Judgment.

buying and selling claims or judgments and [he is] not in the debt collection business." (Aff. of George Edrich ("Edrich Aff.") ¶¶ 3–4, Docket Entry No. 23.)

## II. Discussion

### a. Standards of review

#### i. Summary judgment

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Davis v. Shah*, 821 F.3d 231, 243 (2d Cir. 2016); *see also Cortes v. MTA NYC Transit*, 802 F.3d 226, 230 (2d Cir. 2015). The role of the court "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Rogoz v. City of Hartford*, 796 F.3d 236, 245 (2d Cir. 2015) (first quoting *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010); and then citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment. *Id*. The court's function is to decide "whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000).

#### ii. Judgment on the pleadings

"In deciding a Rule 12(c) motion, [courts] 'employ[ ] the same . . . standard applicable to dismissals pursuant to [Rule] 12(b)(6). Thus, [courts] will accept all factual allegations in the [c]omplaint as true and draw all reasonable inferences in [the plaintiff's] favor.'" *L-7 Designs,*

*Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011) (second, third and fifth alteration in original) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) ("The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." (citation omitted)). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (discussing Rule 12(b)(6)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). However, the court need not accord "a legal conclusion couched as a factual allegation" the same presumption of truthfulness. *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 120 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

   **b.   Necessary parties**

   Defendant argues, without any legal authority, that the seven other judgment debtors listed on the Judgment are necessary parties to this action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure and that the action cannot proceed without the absent parties.[3]  (Def. Mem. 10–11; Def. Letter 4.)  The Court disagrees.

---

   [3] Although Defendant argues that he does not seek dismissal of the action under Rule 19(b) but instead seeks the mandatory joinder of the absent parties pursuant to Rule 19(a) because they are necessary to this proceeding, (Def. Letter 4), this representation is inconsistent with his initial moving papers, (Def. Mem. 10 ("The Complaint Should be Dismissed For Failure to Join Necessary Parties")).

Rule 19 of the Federal Rules of Civil Procedure "recognizes exceptional circumstances in which a plaintiff's choice of parties or forum must give way because of an absent party's interest in the outcome of the action or involvement in the underlying dispute." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 132 (2d Cir. 2013). Rule 19(a)(1) specifies the circumstances under which a party is necessary to an action:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The party moving for compulsory joinder has the burden of showing that joinder is appropriate. *See Allen ex. rel. Allen v. Devine*, 670 F. Supp. 2d 164, 168 (E.D.N.Y. 2009) (first citing *Joseph S. v. Hogan*, 561 F. Supp. 2d 280, 311 (E.D.N.Y. 2008); and then citing *M.C. v. Volumtown Bd. of Educ.*, 178 F.R.D. 367, 369 (D. Conn. 1998)).

If a party is necessary but unable to be joined, a court must "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed," Fed. R. Civ. P. 19(b) — otherwise known as determining whether a party is "indispensable," *see Marvel Characters*, 726 F.3d at 133. In making this decision, a court should consider: "(1) whether a judgment rendered in a person's absence might prejudice that person or

parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have adequate remedy if the court dismissed the suit." *Id.* at 133 (citing *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009) (per curiam)). "If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b)." *Viacom Intern., Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000) (citation omitted).

Here, Defendant has not met his burden of showing that the absent parties are necessary under Rule 19(a)(1)(A) or (B), and the Court therefore rejects his argument for compulsory joinder. The parties are not necessary parties under Rule 19(a)(1)(A) because the Court can afford complete relief to Plaintiff against Defendant in the absence of the other judgment debtors. *See* Fed. R. Civ. P. 19(a)(1)(A); *Arkwright–Boston Mfrs. Mut. Ins. Co. v. New York*, 762 F.2d 205, 209 (2d Cir. 1985) ("[T]he term complete relief refers only to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought." (citation and internal quotation marks omitted)). The only relief Plaintiff seeks in the Complaint is renewal of the Judgment and the Court may grant him renewal against Defendant in the absence of the other jointly and severally liable judgment debtors. *See, e.g.*, *In re Norstan Apparel Shops, Inc.*, 367 B.R. 68, 84 (Bankr. E.D.N.Y. 2007) (finding that absent parties were not necessary to afford "complete relief" because the relief sought in the complaint could be granted against the defendant); *Premier Capital, LLC v. Best Traders, Inc.*, 930 N.Y.S.2d 249, 251 (App. Div. 2011) (granting renewal judgment against only one of several judgment debtors because the other debtors were not properly served in the action).

Nor are the parties necessary parties under Rule 19(a)(1)(B) because no absent party

"claims an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B). Instead, Defendant seeks to assert the interest on behalf of the absent parties, which is insufficient to satisfy the rule as it is the absent parties who are required to claim an interest in the action. *See Peregrine Myan. Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996) ("[The defendant's] attempt to assert on behalf of the [absent party] its supposed concern about the dilution of its interest . . . falls outside the language of the rule. It is the absent party that must 'claim an interest.'"); *Kunina v. 7 W. 82 LLC*, No. 15-CV-4755, 2015 WL 7075966, at *2–3 (S.D.N.Y. Nov. 12, 2015) ("In order to qualify as a necessary party under Rule 19(a)(1)(B), the absent party . . . must claim an interest relating to the subject of the action. [The absent party] has not done so. Without a self-claimed interest in the action, a party is not necessary under either prong of Rule 19(a)(1)(B)." (citations omitted)); *Reit v. Post Props., Inc.*, No. 09-CV-5455, 2010 WL 743533, at *3 (S.D.N.Y. Feb. 24, 2010) ("Nor is Rosario a necessary party under Fed. R. Civ. P. 19(a)(1)(B) because, among other reasons, '[i]t is the absent party [i.e., Rosario] that must "claim an interest," and no [such] party has done so here.'" (alterations in original) (collecting cases)). The failure of the absent parties to claim an interest is particularly compelling here, where the absent parties include Defendant's ex-wife and a dissolved corporate entity that appears to have been owned by Defendant. (Pl. Letter 3–4; New York State Department of State Corporate Dissolution Records, Docket Entry No. 25-2.)

Defendant argues that the absent judgment debtors would be harmed if the Court renews the Judgment against only Defendant because Defendant may be entitled to indemnification from the absent judgment debtors. (Def. Mem. 11.) Defendant provides no legal support for his claim that he will be entitled to pursue any actions against the absent parties, and, as discussed below, because the Judgment will not be renewed against the absent parties, Defendant cannot support

such a claim.  *See* N.Y. C.P.L.R. § 211(b) ("A money judgment is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to enforce it.").

Similarly unavailing is Defendant's argument that the absent parties will "suffer a loss or be put at risk of suffering a loss" because the Judgment "will show up in title searches against" the absent parties.  (Def. Letter 4).  As discussed below, there will not be a renewed Judgment as to the absent parties.  *See, e.g.*, *Premier Capital, LLC*, 930 N.Y.S.2d at 251 (granting renewal judgment against individual judgment debtor but noting that the judgment was not renewed as to the remaining judgment debtors who were never served in the action).  Therefore, no renewed Judgment could show up in a title search against the absent parties.

Thus, under the facts of this case, the absent parties are not necessary within the meaning of Rule 19(a)(1)(A) or (B).  The Court therefore rejects Defendant's argument that the Court must join the absent judgment debtors to this action.

### c.    Defendant's champerty arguments

The Court also rejects Defendant's argument that Plaintiff's claim must be dismissed on the theory that it is prevented by Judiciary Law section 489 which prohibits champerty.  (Def. Mem. 6–9.)  At oral argument, the Court rejected Defendant's champerty defense because the champerty statute only applies to individuals who are "engaged directly or indirectly in the business of collection and adjustment of claims," N.Y. Jud. Law § 489(1), and there was no evidence before the Court that Plaintiff's conduct fell within the statute.  Defendant argued that further discovery was necessary to determine whether Plaintiff "engaged directly or indirectly in the business of collection and adjustment of claims."  The Court therefore ordered Plaintiff to submit an affidavit regarding whether he was engaged in the business of collection or adjustment

11

of claims. (Min. Entry dated Jun. 16, 2017.) Plaintiff filed an affidavit on June 19, 2017,

affirming that he was not engaged in the "business of buying and selling claims or judgments,"

or "in the debt collection business" and that the only judgment Plaintiff has ever purchased or

been assigned is the disputed Judgment in this case. (Edrich Aff. ¶¶ 3–4.)

Although Defendant agreed at oral argument that if Plaintiff affirmed that he was not in

the business of selling claims or judgments Defendant's champerty defense would fail,

Defendant now argues that the affidavit "only partially addresses the test for determining

champerty." (Def. Letter 3.) Specifically, Defendant argues that Plaintiff's submission should

have "negated the statutory language" but instead Plaintiff only states that he is not *directly*

engaged in the business of collection and adjustment of claims and includes no allegations that

he is not *indirectly* engaged in any such business. (*Id.*) The Court is not persuaded by

Defendant's argument.

New York Judiciary Law section 489 provides in relevant part that:

> No *person* or co-partnership, *engaged directly or indirectly in the business of collection and adjustment of claims*, and no corporation or association, directly or indirectly, itself or by or through its officers, agents or employees, shall solicit, buy or take an assignment of, or be in any manner interested in buying or taking an assignment of a bond, promissory note, bill of exchange, book debt, or other thing in action, or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon; . . . .

N.Y. Jud. Law § 489(1) (emphasis added). Plaintiff's affirmation sufficiently tracks the language

of the statute for the Court to find that Plaintiff is not "engaged directly or indirectly in the

business of collection and adjustment of claims." (*Id.*) Moreover, Defendant cannot now

complain that he has had inadequate opportunity to discover whether Plaintiff is engaged either

directly or indirectly in the business of collection and adjustment of claims when the parties have

been involved in litigation for over a decade, and the instant action has been ongoing for five

years.  *See generally Trebor Sportswear Co., Inc. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511–12 (2d Cir. 1989) ("The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment.  But the trial court may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery."  (citation omitted)).

Accordingly, for the reasons discussed on the record during the June 16, 2017 oral argument and based on Plaintiff's representation that he is not engaged in the business of debt collection and adjustment of claims, the Court rejects Defendant's champerty defense.  *See Alexander v. Unification Church of Am.*, 634 F.2d 673, 676–77 (2d Cir. 1980) (affirming a district court decision finding that section 489 was not applicable in part because it only applies to individuals "engaged directly or indirectly in the business of collection and adjustment of claims" and the relevant parties were not engaged in the business of collecting claims), *overruled on other grounds by PSI Metals, Inc. v. Firemen's Ins. Co. of Newark, N.J.*, 839 F.2d 42, 43 (2d Cir. 1988); *Cardarelli v. Scodek Constr. Corp.*, 758 N.Y.S.2d 188, 190 (App. Div. 2003) (holding that there was no violation of section 489 because the defendants "failed to establish that plaintiff was in the business of the collection and adjustment of claims"); *Traktman v. City of New York*, 582 N.Y.S.2d 808, 809 (App. Div. 1992) ("Despite the fact that the plaintiff has commenced litigation on several assigned claims, the evidence presented fails to establish that the plaintiff is engaged in the business of collecting claims or that the plaintiff took the assignment for the purpose of bringing an action."); *Seldon v. Flomenhaft*, No. 13194/05, 2006 WL 162965, at *3 (N.Y. Civ. Ct. Jan. 20, 2006) ("Absent any evidence that [the plaintiff] is 'engaged directly or indirectly in the business of collection and adjustment of claims,' he cannot be found to have violated Judiciary Law [section] 489 by obtaining an assignment . . . and prosecuting it.").

13

### d. Renewal of the Judgment

In New York State the procedure for obtaining the renewal of a judgment is governed by

CPLR section 5014 ("section 5014"), which provides:

> Except as permitted by section 15-102 of the general obligations
> law, an action upon a money judgment entered in a court of the state
> may only be maintained between the original parties to the judgment
> where:
>
>> 1. ten years have elapsed since the first docketing[4] of the
>> judgment; or
>>
>> 2. the judgment was entered against the defendant by default
>> for want of appearance and the summons was served other
>> than by personal delivery to him or to his agent for service
>> designated under rule 318, either within or without the state;
>> or
>>
>> 3. the court in which the action is sought to be brought so
>> orders on motion with such notice to such other persons as
>> the court may direct.
>
> An action may be commenced under subdivision one of this section
> during the year prior to the expiration of ten years since the first
> docketing of the judgment. The judgment in such action shall be
> designated a renewal judgment and shall be so docketed by the clerk.

---

[4]  The reference to "first docketing" in section 5014 refers to the time "immediately after filing of the judgment-roll."  David D. Siegel, Practice Commentary N.Y. C.P.L.R. § 5014; David D. Siegel, N.Y. Prac. § 517 (5th ed.) ("The docketing of a judgment is practically automatic when rendered in the supreme court or a county court, because the county clerk is ex officio the clerk of those courts and anything she does as court clerk she does as county clerk as well. So, when a judgment in an action in one of those courts is entered and docketed, and the judgment-roll is filed — events that occur at just about the same time — the judgment immediately becomes a lien on the judgment debtor's local real property. . . .  The lien lasts [ten] years — measured not from the time of docketing, but from the filing of the judgment-roll, which is essentially the moment the judgment was entered.  As indicated, that moment and the moment of docketing are the same in a supreme court or county court action, but not with a lower court judgment, such as one of a city court." (citing N.Y. C.P.L.R. §§ 5018(a), 5203(a), 5017(a))).

> The lien of a renewal judgment shall take effect upon the expiration
> of ten years from the first docketing of the original judgment.

N.Y. C.P.L.R. § 5014.[5]

To obtain relief pursuant to section 5014, a plaintiff must make "a prima facie showing of its entitlement to a renewal judgment by offering evidentiary proof that it was the original judgment creditor's assignee, and that no part of the judgment has ever been satisfied." *Premier Capital, LLC*, 930 N.Y.S.2d at 251 (citing *Schiff Food Prods. v. M&M Import Export*, 924 N.Y.S.2d 158, 159 (App. Div. 2011)); *Rose v. Gulizia*, 961 N.Y.S.2d 286, 287–88 (App. Div. 2013) ("The plaintiff here established her prima facie entitlement to judgment as a matter of law awarding her a renewal judgment pursuant to CPLR 5014(1) by demonstrating the existence of the prior judgment, that the defendant was the judgment debtor, that the judgment was docketed at least nine years prior to the commencement of this action, and that the judgment remains partially or completely unsatisfied."). In response, a defendant may "raise a triable issue of fact." *Schiff Food Prods.*, 924 N.Y.S.2d at 160 (citing *Pangburn v. Klug*, 664 N.Y.S.2d 71, 72 (App. Div. 1997)). If he fails to do so, a plaintiff will be entitled to the renewal judgment. *Id.*

### i. Section 5014 allows for renewal of a judgment

As a threshold matter, Defendant argues that section 5014 only allows for the extension

---

[5] Courts treat applications pursuant to this provision as seeking relief pursuant to summary judgment. *See, e.g.*, *Schiff Food Prods. v. M&M Import Export*, 924 N.Y.S.2d 158, 159 (App. Div. 2011) (granting "plaintiff's motion, in effect, for summary judgment on the complaint," and remitting the matter to the lower court "for the entry of an appropriate renewal judgment in accordance herewith"); *Premier Capital, LLC v. Best Traders, Inc.*, 930 N.Y.S.2d 249, 250 (App. Div. 2011) (addressing "an action for a renewal judgment pursuant to CPLR 5014, which was commenced by a motion for summary judgment in lieu of complaint," and modifying the lower court's denial of the plaintiff's motion by granting plaintiff's motion for summary judgment in part); *see also ACLI Gov't Sec. v. Rhoades*, No. 97-CV-2471, 1998 WL 142347, at *1 (S.D.N.Y. Mar. 26, 1998) (granting summary judgment to a plaintiff seeking to renew a money judgment under section 5014(1)).

of a lien and not the extension of a judgment, relying on the purpose of section 5014 as articulated in *Gletzer v. Harris*, 12 N.Y.3d 468, 473 (2009). (Def. Letter 2 n.2.)

Contrary to Defendant's argument, *Gletzer* does not preclude the extension of a judgment under section 5014. In *Gletzer*, the New York Court of Appeals held that a judgment and lien renewed pursuant to section 5014 becomes effective when it is granted and does not apply retroactively to the date of filing. *Gletzer*, 12 N.Y.3d at 476 (holding that a renewal judgment initiated by a judgment creditor after the initial judgment lien had lapsed was effective only from the date of the renewal judgment, and not *nunc pro tunc* from the date the initial judgment lien lapsed). The court also explained, as Defendant acknowledges, that the New York Legislature "enacted CPLR 5014 to allow a judgment creditor to apply for a renewal of the judgment lien." *Id.* at 473. However, neither the language from the decision in *Gletzer* nor the plain language of section 5014 precludes application of section 5014 to a judgment. *Id.* at 475 (explaining that section 5014 "enables the judgment creditor to sue on the old judgment and thereby acquire a new judgment and a fresh [ten] year lien" (quoting 10 Carmody-Wait 2d § 67:4 (2009))); *In re Vinieris*, 391 B.R. 707, 711 (Bankr. S.D.N.Y. 2008) ("Nothing in the plain language of CPLR [section] 5014 supports the Debtor's argument that the lien, but not the judgment, may be extended by bringing an action under CPLR [section] 5014 on the judgment within twenty years.").

Indeed, as Defendant admits, both before and after the decision in *Gletzer*, several courts have held that section 5014 provides for the extension of a judgment, in addition to the extension of a lien. (Def. Letter 2 n.2); *In re Vinieris*, 391 B.R. at 713 (concluding that "CPLR § 5014 not only extends the lien but the judgment as well"); *Emerald Inv'rs Ltd. v. TOMS*, 19 N.Y.S.3d 421, 421–22 (App. Div. 2015) ("We reject defendant's contention that under CPLR 5014, the lien on

real property resulting from the docketing of a renewal judgment cannot extend beyond the [twenty]–year statute of limitations applicable to the original judgment. A renewal judgment provides a judgment creditor with both a new [twenty]–year judgment and a corresponding [ten]–year lien." (citations omitted)); *see also Anchor Sav. Bank v. Parker*, No. 13164/05, 2006 WL 162965, at *1 (N.Y. Sup. Ct. Jan. 20, 2006) ("[A] judgment creditor is able to obtain a new twenty-year judgment, and new ten-year lien on real property, through an action against the debtor to renew the judgment even if the creditor's lien had lapsed because he waited longer than the minimum ten-year period for renewing the lien."); *First Nat. Bank of Long Island v. Brooks*, No. 10130/03, 2003 WL 23009241, at *2 (N.Y. Cty. Ct. Sept. 22, 2003) ("By starting afresh and obtaining a judgment in this action, however, the plaintiff will obtain a new [twenty-]year judgment, and a new ten[-]year lien." (quoting *Quarant v. Ferrara*, 445 N.Y.S.2d 885, 887 (Sup. Ct., Queens Cty. 1981))). As Professor David D. Siegel explains in discussing section 5014:

> Although a New York money judgment has a life of [twenty] years, it is a lien against real property for only [ten]. After the [ten] years have expired without satisfaction of the judgment, *the creditor is permitted to sue on it afresh so as to get a new judgment and hence a new [ten]-year lien*.

David D. Siegel, N.Y. Prac. § 434 (5th ed.) (emphasis added) (citations omitted). Defendant argues that, based on the plain reading of section 5014, the Court must reject case law permitting the renewal of a judgment in addition to the renewal of a lien pursuant to section 5014. The Court has no basis to reject the decisions by the New York state courts interpreting New York law where Defendant points to no contrary law but only the statement in *Gletzer* which does not contradict or preclude the relief sought in this case. *See generally In re Vinieris*, 391 B.R. at 712 ("While [*In re Buchardt*, 114 B.R. 362, 363 (Bankr. N.D.N.Y. 1990) and *Gletzer v. Harris*, 854 N.Y.S.2d 10, 14 (App. Div. 2008), *aff'd* 12 N.Y.3d 468, 473 (2009)] do explain the purpose of

CPLR [section] 5014 regarding extension of statutory liens, the cases do not hold that a 'renewal judgment' is *only* an action to renew the lien.").

### ii. Plaintiff makes out a prima facie showing that he is entitled to renewal of the Judgment

Plaintiff has established that he is entitled to a renewal of the Judgment — he filed a timely application for renewal, submits evidentiary proof that he owns the Judgment and represents that the Judgment remains unsatisfied.

First, Plaintiff's request for renewal is timely. The Judgment was filed and docketed by the Office of the County Clerk, New York County on November 15, 1994, and this action was filed on August 15, 2012 — after ten years had elapsed since the first docketing of the Judgment. Because Plaintiff filed the Complaint after ten years had elapsed since the first docketing of the Judgment, the application for a renewal of the Judgment is timely.[6] *See In re Vinieris*, 391 B.R. at 711 (section 5014 allows an action to be filed either during the year prior to the expiration of the ten years or after ten years have elapsed since the first docketing of the judgment); *Guerra v. Crescent St. Corp.*, 991 N.Y.S.2d 343, 344 (App. Div. 2014) ("[A]n action for a renewal judgment is not time-barred even when it is commenced more than [ten] years after the original

---

[6] Defendant's argument that the Judgment cannot be renewed because as of the date of Defendant's most recent briefing "the 1994 Judgment has expired" pursuant to CPLR section 211(b) is unavailing. (Def. Letter 2.) As an initial matter, a judgment does not "expire" pursuant to section 211(b), rather a judgment is presumed satisfied after it has been enforceable for twenty years and the presumption "may be availed of under an allegation that the action was not commenced within the time limited." N.Y. C.P.L.R. § 211(b). The fact that the Judgment has been enforceable for over twenty years as of the date of this decision does not make Plaintiff's request for a renewal of the Judgment untimely. The relevant date to determine whether a petition is timely is the date the petition was filed, in this case August 15, 2012, and not the date the court adjudicates the petition. *See generally Gletzer v. Harris*, 12 N.Y.3d 468, 477 (2009) (explaining that the date a renewal of a judgment is granted is separate and apart from the date a request for renewal is filed). In addition, this case would have been determined prior to the time the Judgment "expired" had the parties not requested a stay of the proceeding pending litigation of the Kings County Action and the subsequent appeal of the Kings County Decision.

judgment was docketed."); *Premier Capital, LLC*, 930 N.Y.S.2d at 251 (finding a petition for renewal judgment timely filed even though it was made more than ten years after the judgment was docketed); *Schiff Food Prods.*, 924 N.Y.S.2d at 159–60 ("Accordingly, this action for a renewal judgment was not time-barred even though it was commenced more than [ten] years after the judgment was docketed."); *First Nat. Bank of Long Island*, 2003 WL 23009241, at *2 ("In the instant case, the plaintiff/judgment creditor waited well beyond the minimum [ten] year period, thus allowing his prior lien to lapse. By starting afresh and obtaining a judgment in this action, however, the plaintiff will obtain a new [twenty] year judgment, and a new ten year lien.").

Second, Plaintiff submitted proof that the original judgment creditor, Sequa, assigned the Judgment to Plaintiff. Plaintiff attached to its motion for summary judgment a copy of the Judgment and the assignment of the notarized Judgment showing that Steven R. Lowson was the Vice President of Sequa on the day he signed the assignment of the Judgment. (Judgment; Assignment of Judgment; Agreement to Assign Judgment.) This is sufficient to show that Plaintiff owns the Judgment. *See Premier Capital, LLC*, 930 N.Y.S.2d at 251 ("Moreover, the plaintiff made a prima facie showing of its entitlement to a renewal judgment by offering evidentiary proof that it was the original judgment creditor's assignee, and that no part of the judgment has ever been satisfied." (citation omitted)); *The Cadle Co. v. Biberaj*, 763 N.Y.S.2d 751, 752 (App. Div. 2003) ("Plaintiff submitted a copy of the original judgment filed in New York County and a certified copy of the assignment of such judgment . . . entered in the Supreme Court State of New York in and for New York County, New York . . . . Such evidence was sufficient to warrant granting plaintiff's motion for summary judgment and directing entry of a renewal judgment pursuant to CPLR 5014(1).").

Defendant argues that, because Plaintiff is not an original party to the Judgment as required by the text of section 5014, section 5014 does not apply. (Def. Letter 2–3.) In view of the relevant New York State law interpreting section 5014, the Court finds the argument unpersuasive. Although the New York Court of Appeals has not addressed the issue, several Appellate Division courts have found that despite section 5014's explicit language limiting renewal to only the "original parties to the judgment," it applies equally to the original assignee of the judgment.[7] *See, e.g.*, *Premier Capital, LLC*, 930 N.Y.S.2d at 250 (finding original judgment creditor's assignee entitled to section 5014 renewal); *Chase Lincoln First Bank, N.A. v. Dehaan*, 933 N.Y.S.2d 151, 152 (App. Div. 2011) (finding an assignee is "an original party" for the purpose of renewal); *The Cadle Co.*, 763 N.Y.S.2d at 752 ("An assignee of a judgment is an "original party" to the judgment for the purpose of renewing a judgment lien."); *Emerald Inv'rs Ltd. v. TOMS*, No. 150359/2014, (N.Y. Sup. Ct. July 1, 2014), WebCivil Supreme, https://iapps.courts.state.ny.us/fbem/DocumentDisplayServlet?documentId=KQJCgVPbhTGW6j6CZy5mBg==&system=prod (renewing judgment for assignee of the original judgment) *aff'd* 19 N.Y.S. 3d 421 (App. Div. 2015); *but see Saxe v. Peck*, 124 N.Y.S. 14, 16 (App. Div. 1910) (holding that the predecessor statute to section 5014 did not apply where a judgment had been assigned).

---

[7] Where, as here, a state's highest court has not directly addressed an issue, the Court is bound by the decision of the state's appellate courts, unless there is evidence that the state's highest court would rule differently. *See V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010) (holding that a federal court "is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." (citing *Pahuta v. Massey–Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999))); *see also Greenberg v. Greenberg*, 646 F. App'x 31, 31 (2d Cir. 2016) ("In the absence of any statement by the state's highest court," federal courts are "bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." (quoting *V.S.*, 595 F.3d at 432)).

Finally, Plaintiff asserts that the Judgment remains "wholly unsatisfied" as stated in his affidavit accompanying the motion for summary judgment. (Compl. ¶ 10; Pl. Mem. 1; Pl. Reply 5, Docket Entry No. 19; Pl. Aff. ¶ 5, Docket Entry No. 16-9); *see Baiz v. Baiz*, 780 N.Y.S.2d 770, 770 (App. Div. 2004) (discussing a prior grant of a renewal judgment where the plaintiff "assert[ed]" that the judgment had only been partially satisfied and the judgment was renewed for the unsatisfied amount); *Emerald Inv'rs Ltd.*, No. 150359/2014 (renewing judgment where the plaintiff only asserted that the judgment had not been satisfied).

Accordingly, Plaintiff has established a prima facie claim for renewal of the Judgment. *See, e.g.*, *Rose*, 961 N.Y.S.2d at 287–88 ("The plaintiff here established her prima facie entitlement to judgment as a matter of law awarding her a renewal judgment pursuant to CPLR 5014(1) by demonstrating the existence of the prior judgment, that the defendant was the judgment debtor, that the judgment was docketed at least nine years prior to the commencement of this action, and that the judgment remains partially or completely unsatisfied."); *Emerald Inv'rs Ltd.*, No. 150359/2014 (finding the plaintiff established a prima facie entitlement to renewal of a judgment where the plaintiff asserted that the judgment had not been satisfied and presented "the [j]udgments and assignments of judgments along with proof of filings at the Clerk's office").

Defendant argues that there are disputed issues of material fact that preclude summary judgment because there are unknown material facts regarding whether (1) the Vice President of Sequa had authority to allow the assignment on Sequa's behalf and (2) any part of the Judgment has been satisfied. (Def. Mem. 11–12.) Defendant's attempt to create issues of disputed facts where there are none is rejected. In view of the fact that the assignment of Judgement was signed by Sequa's Vice President and notarized, and the affidavit from Plaintiff that the

Judgment remains wholly unsatisfied, Defendant's speculation as to whether the Vice President of Sequa had authority to assign the Judgment and that more evidence is needed to show that the Judgement is wholly unsatisfied is insufficient to create a disputed issue of material fact to preclude summary judgment in Plaintiff's favor. *See, e.g.*, *Emerald Inv'rs Ltd.*, 19 N.Y.S.3d at 422 ("Defendant failed to raise a triable issue of fact as to a bona fide defense to the action. He offered no more than unsubstantiated, conclusory allegations of fraud with respect to the validity of the assignments of the original money judgments.").

Accordingly, Plaintiff has established that he is entitled to renewal of the Judgment and Defendant has failed to rebut Plaintiff's case. The Court therefore grants Plaintiff's motion for summary judgment and renews the Judgment in the amount of $302,042 with interest at the rate of nine percent per annum from November 15, 1994 for a period of twenty years, and renews the lien for a period of ten years from the date of this Memorandum and Order.

## III. Conclusion

For the foregoing reasons, the Court denies Defendant's motion for judgment on the pleadings and grants Plaintiff's motion for summary judgment. The Clerk of Court is directed to enter judgment for Plaintiff and to close this case.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: August 17, 2017
       Brooklyn, New York